*est factum* sworn to, and upon trial a verdict was found
for the defendants, and judgment rendered against plaintiff
for costs. From all the evidence in relation to the genuine-
ness of the signature of Newark Lax upon the note, the court
is of opinion the jury were fully justified in finding his signa-
ture thereto a forgery, and it follows as a necessary conse-
quence that the whole case fails, and errors in other branches
of the case are immaterial. Judgment affirmed. Opinion by
CONGER, J. Judge below, CYRUS EPLER. Attorneys, for ap-
pellant, Messrs. MORRISON & WHITLOCK; for appellee, Messrs.
BARNES & CALLON. Opinion filed Dec. 4, 1885. .

No. 65. Indiana, Bloomington & Western Ry. Co. v. John
W. James et al. An action by a shipper against a railroad
company for injury to cattle shipped from Olney, Ill., to
Green Springs, Ohio, caused as alleged while the cars contain-
ing the stock were in the yards at Springfield, Ohio, by a
switch engine of appellant which was running at the rate of
twenty-five or thirty miles an hour, colliding with the cars and
throwing the stock against the cars by which they trampled
upon each other and were injured; appellant denied the collis-
ion and contended the injury was due to the restlessness of the
stock; no question of law is raised, the contest being upon ques-
tions of fact. As the evidence was conflicting, it was the pe-
culiar province of the jury to determine the weight and credit
to be given to the testimony of the various witnesses, and their
verdict for the shipper is undisturbed. Opinion by CONGER, J.
Judge below, J. W. LANGLEY. Attorneys, for appellant,
Messrs. GERE & BEARDSLEY; for appellee, Mr. J. M. WRIGHT.
Opinion filed Dec. 4, 1885.

No. 24. C. Aultman & Co. v. G. A. Van Duyn & Co.
A suit to recover the purchase price of certain machinery
which it is alleged defendants in error—as the agents of
plaintiffs in error—sold to E. DeGoria, and for which they
failed to take proper steps to secure the payment from
DeGoria whereby the purchase price was wholly lost. The
duties of the agents were clearly set forth in a written con-
tract. It was the duty of the jury, under proper instruc-
tions to find, first, whether the agents made the sale, and if so,
whether they did or did not perform their duty in substan-

tial accordance with their contract, for it alone measured and determined their duties, and whether they exceeded or fell short of ordinary care and caution was not material. As the court below in the instructions as to the agents' liability made it depend upon whether they used ordinary care, the case is reversed. Opinion by CONGER, J. Judge below, J. J. PHILLIPS. Attorneys, for appellants, Messrs. PATTON & HAMILTON. For appellees, Messrs. STUART, EDWARDS & BROWN. Opinion filed Dec. 4, 1886.

### FOURTH DISTRICT.

No. 63. Isaac C. Lowe v. J. H. Galbraith. Under rule fourteen of this court, the assignment of errors must be written upon or attached to the record, and the appellant or plaintiff in error shall in all cases assign errors at the time of filing his record in this court, and on failing to do so, the case may be dismissed. Writ of error dismissed for a failure to comply with this rule. Opinion PER CURIAM. Judge below, JOHN KEEN, JR. Attorneys, for appellant, Mr. H. TOMPKINS; for appellee, Messrs. GEORGE & BUNCH. Opinion filed April 15, 1886.

No. 43. Phillip Bell v. The People of the State of Illinois. The bill of exceptions in this case does not purport to contain all the evidence introduced on the trial of the cause below, nor the instructions given to the jury. Instructions to be a part of the record must be preserved in the bill of exceptions, and because of such defects, the errors assigned can not be considered and the judgment below must be affirmed. Opinion by GREEN, J. Judge below, J. R. WILLIAMS. Attorneys, for appellant, Mr. P. A. PEARCE and Messrs. ORGAN & ORGAN; for appellee, Mr. JOHN W. HOW. Opinion filed April 15, 1886.